UNITED STATES of America, Plaintiff,

v.

Thompson B. SANDERS, Daniel Dewey, David Lee Pelleu and Daniel Kolton, Defendants.

No. 88 CR 104.

United States District Court, N.D. Illinois, E.D.

July 8, 1988.

---

Steven Senderowitz, Chicago, Ill., for Thompson B. Sanders.

Michael Pasano, Zuckerman Spaeder Taylor & Evans, Coral Gables, Fla., for Daniel Dewey.

Luis Galvan, Asst. Federal Defender, Chicago, Ill., for David Lee Pelleu.

Michael Sher, Chicago, Ill., for Daniel Kolton.

James Conway, Asst. U.S. Atty., Chicago, Ill., for U.S.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendant Thompson B. Sanders has filed a motion to reconsider our earlier disqualification of Sanders' second trial counsel Scott Lassar. 688 F.Supp. 373. We disqualified Lassar because he had previously represented Sanders' co-defendant Daniel Dewey in this matter. Dewey has now pled guilty and will be a government witness. For the reasons stated below, we deny the motion to reconsider.

Earlier we were concerned that, should Dewey go to trial, the government would seek to call Lassar as a witness as to Dewey's flight. We felt that this would put Lassar in the situation of being a witness against his own client, because the flight of one co-conspirator "may be" incriminating as to all conspirators. Now that Dewey has pled guilty, there is no possibility that Lassar will be called to testify as to flight.

This leaves the other potential conflict we found, that is, that Lassar will not be able to adequately represent Sanders because of Lassar's inability to effectively cross-examine his previous client Dewey, now the government's star witness. The danger would be either that Lassar would impermissibly use information acquired during his previous representation or that, in an effort to avoid that problem, he would overcompensate to the detriment of his current client Sanders. Sanders believes this potential conflict has also been resolved because Dewey has agreed to waive his attorney-client privilege with Lassar. We see, however, two potential problems that remain despite this alleged waiver. First, now that Dewey has waived his attorney-client privilege with respect to his conversations with Lassar, there is always a possibility that the government, in an attempt to rebut an express or implied charge against Dewey by Sanders of recent fabrication or improper influence or motive, could decide to call Lassar to testify to Dewey's conversations regarding this matter as a statement consistent with Dewey's testimony. Fed.R.Evid. 801(d)(1)(B). Additionally, should it become necessary for the government to impeach Dewey, it may seek to call Lassar to testify to a prior inconsistent statement of Dewey's. In both cases, Lassar will be placed in the untenable position of being called to give testimony prejudicial to his client Sanders. As we noted in our earlier opinion, under DR 5–102(B), if a lawyer learns that he may be called as a witness and that his testimony "is or *may be* prejudicial to his client," he shall withdraw.

Although Sanders seems willing to waive any ethical problems, as the Fifth Circuit said about a different ethical problem, a "defendant is not free to waive the problem presented here ... because the ethical violation involves public perception of the lawyer and the legal system [in addition to] difficulty in the attorney's effective representation of [Sanders]." *United States v. Hobson*, 672 F.2d 825, 829 (11th Cir.), *cert. denied*, 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982). "An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." *Model Code of Professional Responsibility* EC 5–10 (1981). We think this situation, in addition to affecting Lassar's ability to effectively represent Sanders, would adversely affect the public perception of the legal system.

The government suggests another potential scenario which could result in grounds

for Sanders to claim ineffective assistance of counsel after trial if he is convicted. If Dewey testifies "to a fact that he may have disclosed to Lassar during Lassar's representation of Dewey which is inconsistent with that of Lassar's recollection [then] Lassar would be in the untenable position of being called as a witness in this case in order to complete any impeachment of Dewey." Sanders' counsel has represented to the Court that Sanders understands that should this in fact occur, he would waive his right to call Lassar to impeach Dewey so that Lassar could remain as his attorney. The problem with this is that Sanders would not only have to waive any potential conflicts of interest, but he would have to waive any possible ineffective assistance of counsel claim because of his inability to call Lassar to impeach Dewey. Even if Sanders were to make a knowing and intelligent waiver of any conflicts, it is not altogether clear that the execution of a knowing and intelligent waiver of a potential conflict of interest forecloses the possibility that an actual conflict would adversely have affected the adequacy of representation and violate Sanders' Sixth Amendment right to counsel. *Cf. United States v. Fahey*, 769 F.2d 829, 835 (1st Cir.1985). In *Wheat v. United States*, —— U.S. ——, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), the defendant had also agreed to a waiver, but the district court still disqualified the attorney. The Supreme Court held that "the District Court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which *may* or *may not* burgeon into an actual conflict as the trial progresses." *Id.* at ——, 108 S.Ct. at 1699.[1]

Finally, we return to the point raised in our original opinion, which Sanders does not address in his motion to reconsider. Sanders bases this motion on the premise that without Lassar he will be denied his Sixth Amendment right to counsel. However, Sanders' counsel of first choice Stephen J. Senderowitz, who has been actively representing Sanders on this matter even before the indictment was returned, is still actively representing Sanders. Thus, Sanders still has his counsel of choice; he just does not have two counsel of his choice. Senderowitz, his experienced,[2] initial and principal counsel, is fully capable of representing Sanders. Accordingly, if Sanders' right to counsel is at all affected by this decision, it is only partially affected by our decision. *Accord United States v. Hobson*, 672 F.2d 825, 829 & n.* (11th Cir.1982).

Because we conclude that there is still a showing of a serious potential for a conflict in this case, Sanders' motion to reconsider our order of disqualification of co-defendant Dewey's former counsel is denied. It is so ordered.

---

1. Sanders attempts to distinguish *Wheat* as a multiple representation case. However, we are unpersuaded that this difference is relevant in this case. In *Wheat*, the Court framed the issue as "the extent to which a criminal defendant's right under the Sixth Amendment to his chosen attorney is qualified by the fact that the attorney *has* represented other defendants charged in the same criminal conspiracy." *Wheat*, —— U.S. at —— , 108 S.Ct. at 1697 (emphasis added). This is the same problem we face; the problem is Lassar *has* previously represented Dewey. Terminology aside, we believe the facts of *Wheat* are similar enough in order to be relevant.

2. Senderowitz quite fairly holds himself out as an expert in the law of commodities fraud.